## STATE, Respondent, v. ESTES, Appellant.

### (207 N. W. 160.)

(File No. 6029.  Opinon filed February 8, 1926.)

1.  **Criminal Law—Intoxicating Liquors—Evidence Held to Sustain
    Conviction of Transportation.**

    Evidence consisting of admission of accused held sufficient to
    sustain conviction of transportation.

2.  **Crimnal Law—Trial—Appeal and Error—Admissibility of Evi·
    dence Not Considered, in Absence of Objection or Motion to
    Strike Out.**

    Admissibility of evidence of admission of defendant will not
    be considered on appeal, where no objection or motion to strike
    out was made.

Appeal from Circuit Court, Tripp County; Hon. John G.
Bartine, Judge.

Harold Estes was convicted of transporting intoxicating li-
quor, and he appeals.  Affirmed.

*P. A. Hosford,* of Winner, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,*
Brief Attorney, of Pierre, for the State.

GATES, P. J.  [1, 2]  Armed with a search warrant, peace
officers went to the home of defendant and under a trapdoor
found a case of beer and a boiler partly filled with beer bottles on
ice, which upon analysis contained 9 per cent. alcohol.  The de-
fendant was charged and convicted of the unlawful transportation
of intoxicating liquor.  He appeals from the judgment and an
order denying new trial.

Without objection, one of the officers testified (referring to
defendant) :

"He said he did not make any beer; that he bought it and
brought it home.  He told me on a trip to Kennebec that he never
made beer; that he bought this and took it home."

No other evidence was offered tending to show transportation. No motion was made by defendant to strike out the above testimony. Appellant's argument is chiefly addressed to the proposition that evidence of admissions made by defendant was not admissible until the corpus delicti had been proven. If objection had been made to the introduction of the above evidence, or if there had been a motion to strike it out, we would feel bound to consider the point urged. As it is, we do not. Transportation by defendant being thus shown, there is naught else in the record which merits consideration.

The judgment and order appealed from are affirmed.

Note.—Reported in 207 N. W. 160. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 409, 33 C. J. Sec. 503; (2) Criminal law, Key-No. 1036(1), 1044, 17 C. J. Sec. 3331.